■ DEBRA DONNELLY, Respondent, v VILLAGE OF PERRY, Appellant, et al., Defendants. — Order unanimously reversed, without costs, motion granted and complaint dismissed as against moving defendant. Memorandum: Plaintiff's complaint alleges that she was injured when she was caused to fall on defective steps located in front of Zanghi's Market at 29 Covington Street in the Village of Perry. Since it is not alleged that written notice of the dangerous

condition had been given to the Village Clerk as required by section 6-628 of the Village Law, defendant village moved to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7). Special Term denied the motion, reasoning that because "steps" are not mentioned in section 6-628, such prior written notice was not required. On oral argument the parties stipulated that no notice of a defective condition was ever given to the Village Clerk. It was also confirmed that in front of defendant Zanghi's Market there are two sets of steps, one connecting the portion of the street used for vehicular traffic to the public sidewalk and the other extending from the public sidewalk up to the entrance to Zanghi's Market. The parties further stipulated that the steps are for pedestrian use and that the accident happened on the steps located between that part of the street used for vehicular traffic and the public sidewalk. Section 6-628 of the Village Law provides: "No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or to cause the snow or ice to be removed, or the place otherwise made reasonably safe." Although the statute is to be strictly construed (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362), it is not rendered inapplicable merely because the word "steps" does not appear therein. The question presented is whether the steps on which the accident occurred are part of the street or highway. "A highway is not limited to that portion traveled by vehicles, but also includes a sidewalk. (*Phipps* v. *Village of North Pelham,* 61 App. Div. 442.)" (*Williams v State of New York,* 34 AD2d 101, 104.) A sidewalk is for pedestrian use, and any area defined for pedestrian passage within the street boundaries is part of the street (see Village Law, § 6-600; 5 Warren's Weed, NY Real Property, Streets and Highways, § 1.01; cf. Vehicle and Traffic Law, § 144). The steps on which this accident occurred provide a passageway for the public, are the equivalent of a sidewalk and must be viewed as part of the street. Accordingly, plaintiff's inability to allege that written notice of the dangerous condition was given to the village requires dismissal of the complaint against the village (*Barry v Niagara Frontier Tr. System,* 35 NY2d 629). (Appeal from order of Supreme Court, Wyoming County, Green, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.