■ DAVID A. PRICE, Respondent, v VILLAGE OF PHOENIX, Appellant. [635 NYS2d 838] —Order unanimously reversed on the law without costs, cross motion granted and complaint dismissed. Memorandum: Supreme Court should have granted the cross motion of defendant for summary judgment dismissing the complaint. On November 26, 1991, plaintiff was injured when he stepped into a pothole in a parking lot owned by defendant. The complaint alleges that defendant was negligent in failing to adequately design, construct, maintain and repair the parking lot. Defendant asserted in its answer and established in its cross motion for summary judgment that it did not

have prior written notice of the defect *(see,* Village Law § 6-628; CPLR 9804; *Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359; *Donnelly v Village of Perry,* 88 AD2d 764, 765). Absent that notice, defendant can be held liable only for affirmative acts of negligence *(see, Bryant v City of Newburgh,* 193 AD2d 773). Here, plaintiff seeks to impose liability for conduct that amounts to no more than defendant's failure to repair or maintain the parking lot, which does not constitute an affirmative act of negligence *(see, Bryant v City of Newburgh, supra; Zizzo v City of New York,* 176 AD2d 722, 723). The speculative conclusion of plaintiff's expert that defendant created a dangerous condition when it constructed the parking lot some 15 years earlier is insufficient to defeat defendant's cross motion for summary judgment. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present— Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.