OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with
 
 *937
 
 costs, and the complaint dismissed.
 

 Plaintiff was injured when he fell on a defective concrete stairway leading from a Bronx sidewalk up to a municipal park. The stairway, which was constructed from the same material as the sidewalk below it, was connected at its top with a paved path through the park. Plaintiff sued the City and won a jury verdict that was affirmed by the Appellate Division. The issue before this Court, by our grant of leave to defendant City, turns on whether the City can require prior written notice of the defective condition as a prerequisite to the lawsuit (Administrative Code of the City of NY, tit 7, ch 2, § 7-201 [c] [2]; General Municipal Law § 50-e [4]).
 

 Section 7-201 (c) (2) of the Administrative Code of the City of New York provides, in pertinent part, that no civil action shall be maintained for personal injury sustained as a result of a defect in any sidewalk unless written notice of the condition was previously given to appropriate municipal officials. The Code defines “sidewalk” as including “a boardwalk, underpass, pedestrian walk or path, step and
 
 stairway”
 
 (Administrative Code, tit 7, ch 2, § 7-201 [c] [1] [b] [emphasis supplied]).
 

 General Municipal Law § 50-e (4) explicitly limits prior written notice statutes to streets, highways, bridges, culverts, sidewalks and crosswalks. Plaintiff argues that a “stairway,” even of the kind involved in this case, is categorically different from a “sidewalk,” and that by urging the necessity for prior written notice of stairway defects, the City would add another location to the six enumerated in section 50-e (4).
 

 Plaintiff’s characterization is unpersuasive. The City’s Administrative Code reasonably recognizes that when stairs are integrated with, or serve as part of, a connected standard sidewalk, they plainly fall within the meaning of that already existing category
 
 (see, e.g., Donnelly v Village of Perry,
 
 88 AD2d 764;
 
 Youngblood v Village of Cazenovia,
 
 118 Misc 2d 1020,
 
 affd on opn below
 
 93 AD2d 962). Since plaintiff did not allege that the City had prior written notice of the defect, the complaint must be dismissed.
 

 This interpretation of General Municipal Law § 50-e (4) and the City Administrative Code, moreover, is consistent with
 
 Walker v Town of Hempstead
 
 (84 NY2d 360). There, the Court construed “the Legislature’s enumeration of six, specific locations in the exception * * * as evincing an intent to exclude any others not mentioned” and therefore a “prohibition of any notice of defect enactment pertaining to locations beyond the
 
 *938
 
 six specified”
 
 (id.,
 
 at 367, 368). Based on its tightly fitted interpretation of the statute, the Court concluded that the defendant Town could not interpose a prior written notice precondition to a personal injury lawsuit stemming from a defective paddleball court.
 

 The instant case is simply not a
 
 Walker
 
 situation because a paddleball court is functionally different from each of the six locations enumerated in General Municipal Law § 50-e (4). The stairway in this case functionally fulfills the same purpose that a standard sidewalk would serve on flat topography, except that it is vertical instead of horizontal.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in memorandum.
 

 Order reversed, etc.