██ RANDY J. SCHAAL, as Trustee in Bankruptcy on Behalf of NANCY MONTERO and Another, Appellant, v CITY OF UTICA et al., Respondents, et al., Defendant. [775 NYS2d 644]—

Appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered April 8, 2003. The order granted the motion of defendant City of Utica and the cross motion of defendants 200 Genesee Street, Inc. and Radisson Hotel-Utica Center, Inc. for summary judgment dismissing the complaint against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by Nancy Montero when she slipped and fell on allegedly loose brick pavers on a public sidewalk. Supreme Court properly granted the motion of defendant City of Utica (City) seeking summary judgment dismissing the complaint against it. The City met its initial burden by submitting proof in admissible form that prior written notice of the allegedly defective condition of the sidewalk was not given to the Commissioner of Public Works, as required by section 1.016 of the City Charter (see *Wisnowski v City of Syracuse*, 213 AD2d 1069, 1070 [1995]). Plaintiff failed to submit proof in admissible form raising a triable issue of fact whether an exception to the prior written notice requirement may be applicable here (cf. *Robinson v City of Buffalo*, 303 AD2d 1048, 1049 [2003]). Plaintiff's speculation that the City created the dangerous condition when it constructed the sidewalk is insufficient to

defeat the City's motion (*see Hall v City of Syracuse*, 275 AD2d 1022, 1023 [2000]; *Price v Village of Phoenix*, 222 AD2d 1079, 1080 [1995]).

The court also properly granted the cross motion of defendants 200 Genesee Street, Inc. and Radisson Hotel-Utica Center, Inc. (collectively, Radisson defendants) seeking summary judgment dismissing the complaint against them. "It is well settled that the owner or occupier of land abutting a public sidewalk does not owe a duty to the public, solely arising from the location of the premises, to maintain the sidewalk in a safe condition. Rather, liability arises only if the abutting owner or lessee created the defect or used the sidewalk for a special purpose, such as when an appurtenance was installed for its benefit or at its request, contemplating a purpose different from that of the general public" (*Thomas v Triangle Realty Corp.*, 255 AD2d 153, 153 [1998] [internal citations omitted]). Here, the Radisson defendants met their initial burden and plaintiff failed to submit proof in admissible form raising a triable issue of fact whether the incorporation of brick pavers in the sidewalk constituted a special use of the public sidewalk by those defendants (*see Patterson v City of New York*, 1 AD3d 139 [2003]; *Vrabel v City of New York*, 308 AD2d 443, 444 [2003]; *Thomas,* 255 AD2d at 154).

All concur except Pine and Gorski, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Pine and Gorski, JJ. (dissenting). We respectfully dissent. We agree with the majority that defendant City of Utica (City) established that prior written notice of the allegedly defective condition of the sidewalk was not given to the Commissioner of Public Works, as required by section 1.016 of the City Charter. However, plaintiffs allege that the City created the defective condition, and thus the City also had to establish in support of its motion for summary judgment dismissing the complaint against it that it did not affirmatively create the defect (*see Leon v City of Jamestown*, 254 AD2d 748 [1998]). Because the City failed to do so, we conclude that Supreme Court erred in granting its motion. In any event, we further agree with plaintiffs that summary judgment is premature against the City and defendants 200 Genesee Street, Inc. and Radisson Hotel-Utica Center, Inc. (collectively, Radisson defendants) because discovery has not yet been conducted (*see* CPLR 3212 [f]; *Sportiello v City of New York,* 6 AD3d 421 [2004]). Thus, we would reverse the order, deny the motion of the City and the cross motion of the Radisson defendants and reinstate the complaint against them. Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.