[889 NYS2d 433]

Susan Antenozzi, Plaintiff, v Village of Spencerport, Defendant.

Supreme Court, Monroe County, November 9, 2009

**APPEARANCES OF COUNSEL**

*Petrone & Petrone, P.C.*, Syracuse (*J. William Savage* of counsel), and *Petrone & Petrone, P.C.*, Utica (*Janet F. Neumann*

of counsel), for defendant. *Cellino & Barnes, P.C.*, Rochester (*Stephen J. Paluch* of counsel), for plaintiff.

## OPINION OF THE COURT

THOMAS A. STANDER, J.

Defendant Village of Spencerport submits this motion seeking summary judgment pursuant to CPLR 3212 dismissing the plaintiff Susan Antenozzi's complaint in its entirety. The plaintiff's complaint alleges personal injuries from a trip and fall accident on a broken tree well cover on June 28, 2008.

The motion of the defendant for summary judgment dismissing plaintiff's complaint is granted.

I. Facts

The plaintiff, Susan Antenozzi, commenced this action for personal injuries arising from a trip and fall accident which occurred on June 28, 2008 in the Village of Spencerport, New York. The location was at 129 South Union Street in the Village of Spencerport.

Plaintiff tripped and fell as a result of a broken tree well grating surrounding a tree on the sidewalk. Plaintiff described the incident in the notice of claim as follows: "[T]he claimant was walking down South Union Street . . . [w]hen she was caused to trip and fall as a result of stepping on a cracked rubber and/or plastic grate located at the base of a tree on South Union Street."

A notice of claim with photographs was served on August 11, 2008. The summons and complaint was filed April 10, 2009.

II. Summary Judgment

The Village seeks summary judgment dismissing the plaintiff's complaint based upon the lack of any written notice of the defective tree grating on the sidewalk. To maintain an action against the Village, written notice of the defective condition must be given to the Village Clerk:

> "No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed . . . unless written notice of the defective, unsafe, dangerous or obstructed condition . . . relating to the particular place, was actually given to the village clerk and there was a failure or neglect within

a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of . . . or the place otherwise made reasonably safe." (Village Law § 6-628.)

The Village of Spencerport also has its own law patterned after the State Village Law which requires prior written notice (Spencerport Village Code § 110-12).

The statutes require written notice of the defect in order for liability to be imposed upon a municipality for a dangerous or defective condition on a public sidewalk (*see Hartofil v McCourt & Trudden Funeral Home, Inc.*, 57 AD3d 943 [2d Dept 2008]; *Smirnova v City of New York*, 64 AD3d 641 [2d Dept 2009]). Further, once lack of prior written notice is established, it becomes the plaintiff's burden to demonstrate that "one of two recognized exceptions to the rule [exists]—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (*Lincourt v Village of W. Winfield*, 55 AD3d 1438, 1439 [4th Dept 2008]).

The Village submits evidence that there had been no written notice prior to June 28, 2008 to the Village Clerk of Spencerport of the alleged broken tree well grate located in the sidewalk at or near 129 South Union Street. The evidence presented shows that the tree grate where plaintiff fell is located between the street and the building, with the tree grating surrounding the trunk of the tree and the grating being surrounded by brick and the sidewalk. There was no written notice provided to the Village Clerk about the alleged defect at the location where plaintiff fell. The defendant, Village, has demonstrated that it is entitled to summary judgment as a matter of law based upon the lack of written notice of the defect in the sidewalk (Village Law § 6-628). The defendant has met its burden for summary judgment.

The burden now shifts to the plaintiff to demonstrate evidence sufficient to establish an issue of fact requiring a trial (CPLR 3212 [b]). The plaintiff does not submit any evidence or argue that there is a question of fact on whether written notice was provided, and does not raise an issue of fact on any exceptions to the written notice requirement. Instead the plaintiff opposes this summary judgment motion by arguing that, in accordance with *Vucetovic v Epsom Downs, Inc.* (10 NY3d 517 [2008]), the tree well and adjacent material surrounding the tree well is not considered a part of the "sidewalk" or "street" within the meaning of Village Law § 6-628 and Spencerport Vil-

lage Code § 110-12. Plaintiff concludes that because the tree well grate is not part of the sidewalk, no written notice under the statutes is required in order to maintain this action. Plaintiff submits that summary judgment must be denied.

Plaintiff's entire argument is based on the *Vucetovic* case where the Court held:

> "In this personal injury action, we conclude that a tree well is not part of the 'sidewalk' for purposes of section 7-210 of the Administrative Code of the City of New York, which imposes tort liability on property owners who fail to maintain city-owned sidewalks in a reasonably safe condition." (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 518 [2008].)

The Court in *Vucetovic* acknowledged that the case presented a close question concerning the issue of transferring liability to abutting landowners (*id.* at 522). The decision concludes with the statement "[i]f the City Council desired to shift liability for accidents involving tree wells exclusively to abutting landowners in derogation of the common law, it needed to use specific and clear language to accomplish this goal" (*id.* at 522). The *Vucetovic* Court was "guided by the principle that 'legislative enactments in derogation of common law, and especially those creating liability where none previously existed,' must be strictly construed" (*Vucetovic* at 521).* Unfortunately for plaintiff, the *Vucetovic* decision is not controlling here.

The Court in *Vucetovic* was clear that its decision and determination that a tree well was not part of the sidewalk was specifically for the purposes of section 7-210 of the Administrative Code of the City of New York on the issue of transferring liability to adjoining property owners. The issue of transferring liability from the municipality to an adjoining property owner is not applicable here.

More appropriate to the facts in this case is the definition of a "sidewalk" provided by the Vehicle and Traffic Law and by applicable case law. The Legislature has defined "sidewalk" under

---

* The Court in *Vucetovic* was addressing the question of whether a tree well is part of the sidewalk for purposes of section 7-210 of the Administrative Code of the City of New York (*Vucetovic* at 518). The outcome of the Court's decision on this issue would either (1) impose tort liability for injuries in the tree well areas of a sidewalk on abutting property owners; or (2) not allow liability to be shifted to abutting landowners for accidents involving the tree well areas (*id.* at 522). Recognizing that the case presented a "close question," the Court concluded that "section 7-210 does not impose civil liability on property owners for injuries that occur in city-owned tree wells" (*id.* at 521).

the Vehicle and Traffic Law as "[t]hat portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians" (Vehicle and Traffic Law § 144). This statute provides a legislative definition of "sidewalk" for this court. Under this definition the tree well grating would be part of the sidewalk, as it is located in the defined area and intended for the use of pedestrians to walk over when near a tree.

The applicable case law also defines a "sidewalk" to assess liability against a municipality and to determine whether written notice of a defect is required. A fall due to a cracked curb box cover, where the curb box is located in the grassy area between the curb and the paved portion of the sidewalk, was determined to be caused by part of the "sidewalk" and thus written notice of the defect was required (*Hall v City of Syracuse*, 275 AD2d 1022 [4th Dept 2000]). Loose brick pavers on a public sidewalk were considered part of the "sidewalk" and required written notice of the defect (*Schaal v City of Utica*, 6 AD3d 1070 [4th Dept 2004], *affd* 3 NY3d 727 [2004]). A stairway leading from a sidewalk up to a paved path in a municipal park was determined to "functionally fulfill[ ] the same purpose that a standard sidewalk would serve on flat topography, except that it is vertical instead of horizontal" (*Woodson v City of New York*, 93 NY2d 936, 938 [1999]). Where steps provide a passageway for the public, they are the equivalent of a sidewalk (*Donnelly v Village of Perry*, 88 AD2d 764 [4th Dept 1982]). Sidewalks are the areas provided for pedestrian use and pedestrian passage within the street boundaries (*id.*).

Here, the plaintiff fell on a tree well cover area which surrounded a tree on the sidewalk. The tree well was located between the curb line and the adjacent property line in the area designated as a sidewalk for pedestrian use. The plaintiff was walking down the street on the sidewalk. The grating surrounding the tree, which is located in the sidewalk area, "functionally fulfills the same purpose that a standard sidewalk would serve" except it is designed to allow a tree to grow (*see Woodson* at 938). The grating around a tree in the sidewalk provides a passageway for the public; therefore, it is the equivalent of a sidewalk (*see Donnelly* at 765). The tree well area is designed for pedestrians to walk on when near a tree on the sidewalk.

The tree well grating where plaintiff fell meets the definition under the Vehicle and Traffic Law and the case law for being part of the sidewalk.

III. Conclusion

New York State law and local law make it clear that written notice is required of any defect in a sidewalk in order for an action to be maintained against the Village (Village Law § 6-628; *see* Village Law § 4-402 [g]). Under the Vehicle and Traffic Law definition of a sidewalk, as well as the various cases addressing the definition of a sidewalk for purposes of requiring written notice of a defect, the tree well grate surrounding the tree located on the village sidewalk where plaintiff fell is part of the sidewalk. As part of the sidewalk, prior written notice of the defect to the Village Clerk is required to maintain an action against the municipality.

In order for plaintiff to maintain an action for injuries allegedly caused by a defect in the grating around the tree well located in the village sidewalk, prior written notice of the defect must be submitted to the Village. There was no evidence of prior written notice of the defect. The defendant has met its burden for summary judgment.

The plaintiff offers no proof that written notice of the defect was given to the Village Clerk and fails to present any evidence raising a question of fact.

The motion of the defendant, Village of Spencerport, for summary judgment dismissing the plaintiff's complaint on the grounds that there was no written notice of the defect as required by statute is granted.