Sanchez v County of Nassau (2023 NY Slip Op 06270)

Sanchez v County of Nassau

2023 NY Slip Op 06270

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-07540
 (Index No. 605207/19)

[*1]Sujey Sanchez, respondent, 
v
County of Nassau, appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellant.
Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated September 20, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when she tripped and fell over a piece of metal rebar that was protruding from a concrete island in the parking lot of the Nassau County Family Court. The plaintiff subsequently commenced this action against the County of Nassau to recover damages for personal injuries. The County moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The County appeals.
"Where . . . a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Panzavecchia v County of Nassau, 211 AD3d 846, 847 [internal quotation marks omitted]). The County has a prior written notice statute which provides, in relevant part, that "'[n]o civil action shall be maintained against the County for damages or injuries to person or property sustained by reason of any sidewalk . . . unless written notice of such defective, unsafe, dangerous or obstructed condition of such sidewalk [is given] . . . [and s]uch written notice shall specify the particular place and nature of such defective, unsafe, dangerous or obstructed condition . . . [and that n]otice required to be given as herein provided shall be made in writing by certified or registered mail directed to the Office of the County Attorney'" (Vardoulias v County of Nassau, 84 AD3d 787, 788, quoting Nassau County Administrative Code § 12-4.0[e]).
"General Municipal Law § 50-e(4) explicitly limits prior written notice statutes to streets, highways, bridges, culverts, sidewalks and crosswalks" (Woodson v City of New York, 93 NY2d 936, 937). A municipality may apply its prior written notice law to locations that serve the same functional purpose as one of these enumerated categories (see id. at 938; Walker v County of [*2]Nassau, 147 AD3d 806, 808).
Where a municipality establishes that it lacked prior written notice under a prior written notice statute, "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Smith v City of New York, 210 AD3d 53, 69 [internal quotation marks omitted]).
Here, the County was entitled to summary judgment dismissing the complaint. As an initial matter, this Court recently held in Smith v City of New York that if a municipal defendant demonstrates that it lacked prior written notice of a defect, that defendant does not retain the burden also to establish that it did not create the defect (see id. at 69). Rather, at that point, the burden shifts to the plaintiff to demonstrate that an exception to the prior written notice statute applies (see id.). Therefore, whether the prior written notice statute applied was a threshold question that the Supreme Court should have reached before considering whether an exception to that statute applied. Although the Supreme Court failed to reach the issue of the applicability of the prior written notice statute, we do so in the interest of judicial economy, since the record is fully developed and the parties briefed the issue before the Supreme Court and on appeal (see Matter of Mirzakandov v Mazal U Bracha, LLC, 216 AD3d 966).
The County demonstrated, prima facie, that its prior written notice statute applied here because the concrete island with the protruding metal "served the same functional purpose as a sidewalk" (Walker v County of Nassau, 147 AD3d at 808; see Woodson v City of New York, 93 NY2d at 938). The County further demonstrated, prima facie, that it lacked prior written notice of the alleged defect. The County's prior written notice statute required such notice to be in writing and sent to the Office of the County Attorney (see Nassau County Administrative Code § 12-4.0[e]). The County submitted an affidavit from the employee within the Office of the County Attorney responsible for maintaining the files containing notices of defect. That employee averred that he had personally searched the relevant files for the six years prior to and including the date of the plaintiff's fall and that he did not find any prior written notices of any defective conditions at the subject location from that period (see Walker v County of Nassau, 147 AD3d at 807). In opposition to the County's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the County's motion for summary judgment dismissing the complaint.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court