Meyers v Long Is. R.R.
2026 NY Slip Op 03299
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Miriam Meyers, appellant,
v
Long Island Railroad, et al., respondents, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2024-09862, (Index No. 607004/20)
Hector D. Lasalle, P.J.
William G. Ford
Helen Voutsinas
James P. McCormack, JJ.

Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Linda Marie Boswell of counsel), for appellant.
Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Michael J. Dorry of counsel), for respondents Long Island Railroad and Metropolitan Transit Authority.
Jakubowski, Robertson, Maffei, Goldsmith & Tartaglia, LLP, Saint James, NY (James J. Herz of counsel), for respondent Town of Islip.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated June 27, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Town of Islip which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the cross-motion of the defendants Long Island Railroad and Metropolitan Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly tripped and fell on a defective curb condition abutting a parking lot at a railroad station. The plaintiff commenced this action against the defendant Town of Islip, the defendants Long Island Railroad (hereinafter the LIRR) and Metropolitan Transit Authority (hereinafter the MTA), and another defendant, to recover damages for personal injuries that she alleged she sustained as a result of her fall. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, contending, among other things, that it did not have prior written notice of the defect. The LIRR and the MTA cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they did not have a duty to maintain the area where the accident occurred. In an order dated June 27, 2024, the Supreme Court, among other things, granted that branch of the Town's motion and that branch of the cross-motion of the LIRR and the MTA. The plaintiff appeals.
With respect to the Town's motion, "'[p]rior written notice of a defective condition is a condition precedent to maintaining an action against a municipality where, as here, there is a [*2]local law requiring such notice'" (Callaghan v County of Nassau, 236 AD3d 725, 726, quoting Schiller v Town of Ramapo, 202 AD3d 1022, 1022). "Where a municipality establishes that it lacked prior written notice under a prior written notice statute, 'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Sanchez v County of Nassau, 222 AD3d 685, 686, quoting Smith v City of New York, 210 AD3d 53, 69). "The affirmative negligence exception is limited to work done by a municipality 'that immediately results in the existence of a dangerous condition'" (Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 871, quoting Oboler v City of New York, 8 NY3d 888, 889).
Here, the Town established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating through the submission of affidavits of its representatives that, upon a search of relevant municipal records, the Town had not received prior written notice of the alleged defective condition of the curb as required by section 47A-3(A) of the Code of the Town of Islip (see Callaghan v County of Nassau, 236 AD3d at 727; Discepolo v County of Nassau, 226 AD3d 646, 647; Sanchez v County of Nassau, 222 AD3d at 687). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to the cross-motion, "[t]he law imposes a duty to maintain property free and clear of dangerous or defective conditions only upon those who own, occupy, or control property, or who put the property to a special use or derive a special benefit from it" (Bliss v City of New York, 162 AD3d 730, 731 [internal quotation mark omitted]; see Wright v City of New York, 233 AD3d 1053, 1054). Here, the LIRR and the MTA established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the area where the accident occurred fell outside of their property line and that they had no duty to maintain the area (see Guzov v Manor Lodge Holding Corp., 13 AD3d 482, 483). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the cross-motion of the LIRR and the MTA which was for summary judgment dismissing the complaint insofar as asserted against them.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court