■ SUSIE OSWALD, Respondent-Appellant, v CITY OF NIAGARA FALLS, Appellant, and CASIMIR T. HOFFMAN et al., Respondents. [787 NYS2d 757]—

Appeals from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 15, 2003. The order granted the motion of defendants Casimir T. Hoffman and Mary C. Hoffman for summary judgment dismissing the complaint and cross claims against them, denied the motion of defendant City of Niagara Falls for summary judgment dismissing the complaint against it, and directed a bifurcated trial on the issue of damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant City of Niagara Falls and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that she was injured after tripping and falling on a sidewalk slab that had been raised by the roots of a nearby tree. She named as defendants the City of Niagara Falls (City) and the abutting landowners, Casimir T. and Mary C. Hoffman. After issue was joined, the City moved for summary judgment dismissing the complaint against it and the Hoffmans moved for summary

judgment dismissing the complaint and cross claim asserted against them. The motion of the City was based on the contention that it could not be held liable for negligence because it had not received prior written notice of the alleged sidewalk defect, and the motion of the Hoffmans was based on the contention that they owed no duty to plaintiff. Supreme Court granted summary judgment in favor of the Hoffmans, denied the City's motion for that relief, and sua sponte ordered a bifurcated trial on the issue of damages. As limited by its brief, the City appeals from that portion of the order that denied its motion for summary judgment, and plaintiff appeals from that portion of the order that granted the Hoffmans' motion. We modify the order by granting the motion of the City and dismissing the complaint against it.

The court properly granted the Hoffmans' motion for summary judgment. Initially, we note that plaintiff has abandoned her argument that the Niagara Falls City Charter imposes liability upon abutting landowners for failing to maintain public sidewalks. Her argument that there is a question of fact whether the Hoffmans created the defect is raised for the first time on appeal and is therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). In any event, if we were to reach the merits of the issue, the outcome would be the same. The Hoffmans met their initial burden on their motion for summary judgment when they established that they did not create the allegedly hazardous condition and that the sidewalk was not constructed in any special manner for their benefit (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The burden then shifted to plaintiff to come forward with sufficient evidence, in admissible form, to raise a triable issue of fact (*see Palone v City of New York*, 5 AD3d 750, 751 [2004]). The evidence submitted by plaintiff amounted to no more than speculation (*see Hall v Gaston*, 255 AD2d 1009 [1998]).

The court erred, however, in denying the City's motion for summary judgment. A municipality may require, as a condition precedent to commencement of a personal injury action against it, prior written notice of the specific defect that allegedly caused the injury (*see Lalley v Adam, Meldrum & Anderson Co.*, 186 AD2d 1083, 1084 [1992]; *Dobransky v City of Watertown*, 168 AD2d 997, 998 [1990]), and the City has enacted such a provision (*see* Niagara Falls City Charter § 5.14). The only two exceptions to the written notice requirement recognized by the Court of Appeals are "where the locality created the defect or hazard through an affirmative act of negligence and where a 'special

use' confers a special benefit upon the [municipality]" (*Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999] [citations omitted]). No evidence was offered of either a special use or any affirmative act by the City that created the defect. Plaintiff's contention that the municipality had actual knowledge of the defect, even if correct, would not avoid the notice requirement (*see Harvey v Monteforte*, 292 AD2d 420, 421 [2002]; *DeLorm v Village of Lyons*, 269 AD2d 793, 794 [2000], *lv denied* 95 NY2d 752 [2000]). The City established that it did not receive written notice of the defect in question, and plaintiff failed to submit sufficient evidence to raise a triable issue of fact in opposition. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.