TERRI MARIE GUADAGNO et al., Appellants, v CITY OF NIAGARA FALLS et al., Respondents. [832 NYS2d 732]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 5, 2006 in a personal injury action. The order, among other things, granted the motion of defendant Marcia Massaro and the cross motion of defendant City of Niagara Falls for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff Terri Marie

Guadagno when she tripped and fell on an uneven sidewalk that crossed the driveway of the abutting landowner, defendant Marcia Massaro. Supreme Court properly granted the motion of Massaro and the cross motion of defendant City of Niagara Falls (City) for summary judgment dismissing the complaint. With respect to Massaro's motion, it is well established that, as an abutting landowner, Massaro is not liable for injuries sustained as the result of a defect in the sidewalk unless the special use doctrine applies, i.e., the sidewalk was constructed in a special manner for her benefit, or unless she affirmatively created the defective condition or negligently constructed or repaired the sidewalk or there is a local ordinance charging her with the duty to maintain and repair the sidewalk and imposing liability for injuries resulting from her failure to do so (*see Hausser v Giunta*, 88 NY2d 449, 453 [1996]; *Montes v City of Buffalo*, 295 AD2d 896, 896-897 [2002], *lv denied* 99 NY2d 504 [2002]). Massaro met her initial burden by establishing that those exceptions do not apply to this case, and plaintiffs failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We reject plaintiffs' contention that the conduct of Massaro in driving across the portion of the sidewalk that crosses her driveway constitutes a special use of that sidewalk. As noted, the special use doctrine applies only if the sidewalk was specifically constructed in a special manner for the benefit of the abutting landowner (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Minott v City of New York*, 230 AD2d 719, 720 [1996]), and that is not the case here.

With respect to the City's cross motion, the City met its initial burden by establishing as a matter of law that it did not receive prior written notice of the defective condition as required by section 5.14 of the Niagara Falls City Charter, which provides in relevant part that no civil action shall be maintained against the City based on, inter alia, an alleged defective condition of a sidewalk unless prior written notice of that condition was given to the Director of Operations and Technical Services. The City further established that the two exceptions to the prior written notice requirement do not apply, i.e., the City did not create the alleged defective condition and there is no special use of the sidewalk that confers a benefit on the City (*see Oswald v City of Niagara Falls*, 13 AD3d 1155, 1156-1157 [2004]; *see generally Amabile v City of Buffalo*, 93 NY2d 471, 475-476 [1999]). Although plaintiffs presented evidence establishing that a City employee may have had actual knowledge of the defective condition, it is well settled that actual or constructive notice does not override the prior written notice requirement (*see Amabile*, 93

NY2d at 475-476; *Oswald*, 13 AD3d at 1157; *Zimmerman v City of Niagara Falls*, 112 AD2d 17 [1985]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.