# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1021**
**CA 12-01793**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

PATRICIA J. SCHROECK AND GARY SCHROECK,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

DARRYL C. GIES AND DAWN M. GIES,
DEFENDANTS-RESPONDENTS.

---

GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICES OF EPSTEIN, GIALLEONARDO & HARTFORD, GETZVILLE (JENNIFER
V. SCHIFFMACHER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 31, 2012. The order granted the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries that plaintiff Patricia J. Schroeck sustained when she tripped and fell on an allegedly uneven sidewalk that crossed the driveway of defendants, the abutting landowners. Supreme Court properly granted defendants' motion for summary judgment dismissing the amended complaint.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions [on a] public sidewalk[] is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453; *see Davison v City of Buffalo*, 96 AD3d 1516, 1517). That rule does not apply, however, if there is an ordinance or municipal charter that specifically imposes a duty on the abutting landowner to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability for injuries to the users of the sidewalk; the sidewalk was constructed in a special manner for the use of the abutting landowner; the abutting landowner affirmatively created the defect; or the abutting landowner negligently constructed or repaired the sidewalk (*see Hausser*, 88 NY2d at 453; *Oswald v City of Niagara Falls*, 13 AD3d 1155, 1156; *Schiavone v Palumbo*, 177 AD2d 1045, 1045-1046).

We conclude that defendants met their initial burden on their motion by establishing their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). It is undisputed that the applicable town code does not impose liability on defendants for injuries to users of the public sidewalk abutting their property. Furthermore, the testimony and affidavits submitted by defendants in support of their motion established that the sidewalk was not constructed in a special manner for their benefit, that they did not affirmatively create the defect, and that they did not negligently construct or repair the sidewalk. Notably, defendants' submissions established that the sidewalk was constructed by the builder of defendants' development, who laid it in continuation of the sidewalk on the properties neighboring defendants' property in both directions, and that defendants did not request that the sidewalk be constructed and had no input into its construction. Contrary to plaintiffs' further contention, defendants established that they did not affirmatively create the defect by any alleged special use of the sidewalk as a driveway (*see Guadagno v City of Niagara Falls*, 38 AD3d 1310, 1311; *see also Campos v Midway Cabinets, Inc.*, 51 AD3d 843, 844; *Katz v City of New York*, 18 AD3d 818, 819; *Dufrane v Robideau*, 214 AD2d 913, 914). In opposition, plaintiffs failed to raise an issue of fact sufficient to defeat the motion (*see Zuckerman*, 49 NY2d at 562).

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court