# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1236**
**CA 13-02090**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND VALENTINO,

---

SUSAN CAPRETTO, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CITY OF BUFFALO, SENECA ONE REALTY LLC, ALLPRO
PARKING, LLC, DEFENDANTS-RESPONDENTS,
SKYDECK CORPORATION, BISON BASEBALL, INC., RICH
PRODUCTS CORPORATION AND RICH ENTERTAINMENT GROUP,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

FELDMAN KIEFFER, LLP, BUFFALO (CHRISTOPHER E. WILKINS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (ROBERT E. QUINN OF
COUNSEL), FOR DEFENDANT-RESPONDENT CITY OF BUFFALO.

WALSH, ROBERTS & GRACE, BUFFALO (ROBERT P. GOODWIN OF COUNSEL), FOR
DEFENDANT-RESPONDENT SENECA ONE REALTY LLC.

LAW OFFICE OF JOHN WALLACE, ROCHESTER (GARY J. O'DONNELL OF COUNSEL),
FOR DEFENDANT-RESPONDENT ALLPRO PARKING, LLC.

---

Appeals from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered August 22, 2013. The order granted the motion of defendant Seneca One Realty LLC, and the cross motions of defendants Allpro Parking and City of Buffalo for summary judgment dismissing the amended complaint and cross claims against them, and granted in part the motion of defendants-appellants-respondents for summary judgment.

It is hereby ORDERED that said appeal by defendants Skydeck Corporation, Bison Baseball, Inc., Rich Products Corporation and Rich Entertainment Group from the order insofar as it granted the motion and cross motion of defendants Seneca One Realty LLC and Allpro Parking, LLC is unanimously dismissed, and the order is modified on the law by denying those parts of that motion and cross motion to the extent that they sought dismissal of plaintiff's claims based on The Charter of the City of Buffalo § 413-50 (A) and reinstating those claims, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for

injuries she sustained when she tripped and fell as a result of broken concrete located in the driveway portion of a sidewalk.  For purposes of this appeal, no one has disputed that the large area of broken concrete constituted a dangerous and "long-standing condition."  The issue on this appeal is which party had a duty to correct that condition.

Defendant Seneca One Realty LLC (Seneca One) owned the property abutting the sidewalk, and contracted with defendant Allpro Parking, LLC (Allpro) to "service and operate" the parking garage located on Seneca One's property.  Immediately adjacent to Seneca One's property is property owned by defendant City of Buffalo (City), which the City leased to defendant Bison Baseball, Inc. (Bison Baseball).  Situated on the property leased to Bison Baseball is, inter alia, the driveway at issue on this appeal, a baseball stadium and an outdoor, surface parking lot.  Bison Baseball and defendant Rich Entertainment Group contracted with defendant Skydeck Corporation (Skydeck) to manage and operate that surface parking lot.  Rich Entertainment Group is an assumed name used by defendant Rich Products Corporation to conduct business in New York.

Following discovery, Seneca One moved and Allpro cross-moved for summary judgment dismissing the amended complaint and all cross claims against them.  Bison Baseball, Skydeck, Rich Entertainment Group and Rich Products Corporation (collectively, Bison defendants) moved and the City cross-moved for summary judgment dismissing the amended complaint and all cross claims against them.  Plaintiff opposed the motions of Seneca One and the Bison defendants, as well as the cross motion of Allpro.  The Bison defendants opposed the cross motion of the City.  Supreme Court granted the motion of Seneca One and the cross motions of Allpro and the City in their entirety, and granted, in part, the motion of the Bison defendants.  The Bison defendants and plaintiff appeal from that order.

As a preliminary matter we note that, inasmuch as the Bison defendants did not oppose the motion of Seneca One or the cross motion of Allpro, "they do not have standing as aggrieved parties to appeal" that part of the order granting that motion and cross motion (*Whiteman v Yeshiva & Mesivta Torah Temimah*, 255 AD2d 378, 379; *see* CPLR 5511; *Darras v Romans*, 85 AD3d 710, 711).  We thus dismiss that part of the Bison defendants' appeal seeking to appeal from so much of the order as granted the motion of Seneca One and the cross motion of Allpro, and we do not address on the merits the Bison defendants' contention that the court erred in granting summary judgment to those parties.

The Bison defendants contend that the court erred in denying their motion for summary judgment with respect to the negligence claims asserted against them.  We reject that contention.  "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner . . . There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners will generally be imposed where the

sidewalk was constructed in a special manner for the benefit of the abutting owner . . . , where the abutting owner affirmatively caused the defect . . . , where the abutting landowner negligently constructed or repaired the sidewalk . . . and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser v Giunta*, 88 NY2d 449, 452-453; *see Guadagno v City of Niagara Falls*, 38 AD3d 1310, 1311; *Rader v Walton*, 21 AD3d 1409, 1410).  Photographs in the record establish that the dangerous condition is in that portion of the sidewalk that abuts property owned by Seneca One, but it is also located in the apron of the driveway that provides access to the property leased by the Bison defendants.

"Where a sidewalk is adjacent to but not part of the area used as a driveway, the plaintiff bears the burden of proof on a motion for summary judgment of showing that the special use of the sidewalk contributed to the defect . . . However, if the defect is in the portion of the sidewalk used as a driveway, the abutting landowner, on a motion for summary judgment, bears the burden of establishing that he or she did nothing to either create the defective condition or cause the condition through the special use of the property as a driveway" (*Adorno v Carty*, 23 AD3d 590, 591 [internal quotation marks omitted]; *see Campos v Midway Cabinets, Inc.*, 51 AD3d 843, 844; *Murnan v Town of Tonawanda*, 34 AD3d 1296, 1296-1297).  The same principle applies to a commercial tenant of property where the driveway constitutes a special use by the tenant (*see Tedeschi v KMK Realty Corp.*, 8 AD3d 658, 659; *Pantaleon v Lorimer Mgt. Corp.*, 270 AD2d 324, 324; *Infante v City of New York*, 258 AD2d 333, 334).

While the area of the dangerous condition is in a City right-of-way that falls within the extended lot line boundaries of the property owned by Seneca One, we conclude that the Bison defendants, as lessors of the "adjacent property," may nevertheless still be liable if there is evidence that they had "access to and ability to exercise control over the special use [driveway]" (*Kaufman v Silver*, 90 NY2d 204, 207).  We conclude that the Bison defendants failed to establish as a matter of law that they lacked access to and the ability to control that special use driveway (*cf. id.* at 208) and, further, failed to establish as a matter of law "that they did not affirmatively create the defect by any alleged special use of the sidewalk as a driveway" (*Schroeck v Gies*, 110 AD3d 1497, 1498).  Indeed, based on the evidence submitted by the Bison defendants in support of their motion, it is reasonable to conclude that the "driveway apron was constructed and exclusively used for the benefit of [the Bison defendants' leased] property" (*Keenan v Munday*, 79 AD3d 1415, 1418; *cf. Guadagno*, 38 AD3d at 1311).  The only places that could be accessed by the driveway were the stadium and the surface parking lot, both of which were located on the property leased by Bison Baseball.  We thus conclude that the court properly denied their motion seeking to dismiss the negligence claims asserted against the Bison defendants insofar as those claims were based on their special use of the driveway (*see e.g. Campos*, 51 AD3d at 844; *Adorno*, 23 AD3d at 591; *Katz v City of New York*, 18 AD3d 818, 819; *cf. Schroeck*, 110 AD3d at 1498).

Even assuming, arguendo, that the Bison defendants met their initial burden, we conclude that plaintiff raised triable issues of fact whether the Bison defendants created or caused the dangerous condition through their special use of the driveway portion of the sidewalk (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to the Bison defendants' contention, the affidavit from plaintiff's expert was neither conclusory nor speculative. We address that contention on the merits even though it was raised for the first time on appeal because it involves "question[s] of law appearing on the face of the record . . . [that] could not have been avoided by [plaintiff] if brought to [her] attention in a timely manner" (*Oram v Capone*, 206 AD2d 839, 840; *see Rew v County of Niagara*, 115 AD3d 1316, 1317). In our view, the plaintiff's expert affidavit establishes that "the weight of traffic on the driveway could have been a concurrent cause of the defect, [and thus] the motion for summary judgment [was properly] denied" (*Adorno*, 23 AD3d at 591; *see Tate v Freeport Union Sch. Dist.*, 7 AD3d 695, 695-696; *see also Keenan*, 79 AD3d at 1418).

The Bison defendants contend that plaintiff improperly raised the theory of special use for the first time in opposition to their motion for summary judgment (*see generally DiFabio v Jordan*, 113 AD3d 1109, 1110-1111; *McGrath v Bruce Bldrs., Inc.*, 38 AD3d 1278, 1279). We reject that contention. Plaintiff specifically alleged that the Bison defendants owned, used or possessed the real property upon which the dangerous condition was located. She also alleged, inter alia, that the Bison defendants caused or created the dangerous condition. While there is a legal distinction between normal use and special use (*see Minott v City of New York*, 230 AD2d 719, 720; *see also Loiaconi v Village of Tarrytown*, 36 AD3d 864, 865), plaintiff's allegations that defendants created the defect through their use of the driveway portion of the sidewalk area are sufficient, "under the liberal pleading requirements of the CPLR," to support plaintiff's theory of recovery against the Bison defendants (*Cole v City of Albany*, 80 AD2d 656, 656).

With respect to Seneca One and Allpro, however, we conclude that the court properly dismissed the common-law negligence claims against them but erred in dismissing those claims against them that were based on The Charter of the City of Buffalo (Charter) § 413-50 (A). We therefore modify the order by denying those parts of the motion of Seneca One and cross motion of Allpro that sought dismissal of plaintiff's claims based on Charter § 413-50 (A) and reinstating those claims.

As noted above, abutting landowners, such as Seneca One, are not liable "for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks" unless they had a special use of the sidewalk, they affirmatively caused the defect, they negligently constructed or repaired the sidewalk, or "a local ordinance or statute specifically charges [them] with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty" (*Hausser*, 88 NY2d at 452-453; *see Guadagno*, 38 AD3d at 1311; *Rader*, 21

AD3d at 1410). Contrary to plaintiff's contention, Seneca One and Allpro established that they did not have any special use of the driveway portion of the sidewalk, did not create the dangerous condition, and did not negligently construct or repair the sidewalk, and plaintiff failed to raise a triable issue of fact in opposition thereto (*see generally Minott*, 230 AD2d at 720). The mere fact that Allpro employees may, on prior occasions, have barricaded the area of the dangerous condition did not create a duty of care. "[G]ratuitous conduct may give rise to liability only when the defendant's affirmative action adversely affected the plaintiff and the defendant failed to act reasonably" (*Gordon v Muchnick*, 180 AD2d 715, 715). That requires a showing that the plaintiff "relied to his [or her] detriment upon the defendant's gratuitous conduct" (*McIntosh v Moscrip*, 138 AD2d 781, 783). Here, Allpro established that the barricades were not up on the day of plaintiff's fall and that plaintiff did not rely to her detriment on Allpro's past voluntary act of sectioning off the area, and plaintiff failed to raise a triable issue of fact (*Zuckerman*, 49 NY2d at 562). Inasmuch as we have concluded that Seneca One and Allpro did not have a common-law duty to maintain the sidewalk, we do not address their remaining contentions supporting the dismissal of plaintiff's common-law negligence claims.

Seneca One and Allpro failed, however, to establish their entitlement to summary judgment on the plaintiff's claims based on Charter § 413-50 (A). That ordinance specifically charges "every owner or occupant of any premises abutting any public street" with the duty to maintain and repair the sidewalk, and it imposes liability for injuries resulting from any breach of that duty (*id.; see Smalley v Bemben*, 12 NY3d 751, 752). The Charter defines a sidewalk as both "[t]hat portion of a street outside of the roadway used or set aside for the use of pedestrians" (*id*. § 137-1) and "a public paved pathway at grade, for pedestrians which extends all along block frontage" (*id*. § 103-2). Inasmuch as block frontage is defined as "[a]ll the property fronting on one side of a street between intersecting or intercepting streets or between a street and right-of-way, waterway, end of dead-end street or City boundary, measured along the street line" (*id*. § 511-4), we conclude that the driveway apron where plaintiff fell was on a sidewalk as that term is defined by the Charter.

We further conclude that the area of plaintiff's fall was within the extended real property boundary line or lot line of the property owned by Seneca One (*see* Charter § 293-2; § 511-4). The Charter defines an occupant as "[a]ny person who owns, controls, resides, rents or otherwise occupies real property or premises" (*id*. § 216-66). Inasmuch as Allpro, pursuant to its maintenance agreement with Seneca One, controls the real property, Allpro may be deemed an occupier of that property. We thus conclude that both Seneca One and Allpro, as the abutting owner and occupant, respectively, had a duty under the Charter to maintain and repair the area where the dangerous condition was located, even though the dangerous condition is situated on the driveway portion of the sidewalk.

We reject the contentions of Seneca One and Allpro that the Bison

defendants were required to maintain the area under Charter § 307-39. That section requires operators of parking lots to keep the sidewalks surrounding the premises in a safe condition, and it includes "proper maintenance of that portion of the sidewalk fronting the public way between the curbline and the property line" (*id*.). Reliance on that section presupposes, however, that the area of plaintiff's fall was within the "property line" of the property leased by the Bison defendants. It was not.

We agree with the Bison defendants, however, that the court properly dismissed the plaintiff's claims based on the Charter insofar as they were asserted against the Bison defendants. The property leased by them did not "abut[ ]" the sidewalk where the dangerous condition was located (*id*. § 413-50 [A]). While the property leased by the Bison defendants was adjacent to or adjoined the property owned by Seneca One, liability under section 413-50 (A) is limited to owners and occupiers of the property that abuts the public sidewalk.

The Bison defendants finally contend that the court erred in dismissing their cross claims for contribution and indemnification against the City. We reject that contention. Plaintiff did not oppose the City's motion for summary judgment, and the court dismissed the amended complaint insofar as it was asserted against the City. It is well settled "that the existence of some form of tort liability is a prerequisite to application of [CPLR 1401]" (*Board of Educ. of Hudson City Sch. Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 28; *see Arell's Fine Jewelers v Honeywell, Inc.*, 170 AD2d 1013, 1014). Inasmuch as the amended complaint against the City was dismissed, the Bison defendants "may not properly seek contribution from the [City]" (*Aziz v Village of Great Neck Plaza*, 239 AD2d 452, 452; *see Barry v Niagara Frontier Tr. Sys.*, 35 NY2d 629, 633-634; *Powell v Gates-Chili Cent. Sch. Dist.*, 50 AD2d 1079, 1080).

With respect to the Bison defendants' cross claim for contractual indemnification, we agree with the City that the cross claim was properly dismissed. It is well established that, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed . . . The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492). The only provision in the contract documents, i.e., the Prime Lease between the City and Bison Baseball, their second sublease and their amendment to the sublease, that would arguably apply is the section requiring the City to indemnify Bison Baseball from "any act or omission by the indemnifying party or its employees, agents or other persons under the indemnifying party's control or supervision." In our view, the acts or omissions at issue are acts or omissions regarding the property covered by the lease. It is undisputed that the area of the dangerous condition was within a right-of-way excepted from the lease definition of "demised premises." The Bison defendants contend, however, that if they are deemed to have a special use of that area, then that area was "subject to" the Prime Lease and thus encompassed by the maintenance

and repair provisions of the lease.  We reject that strained interpretation of the contract documents (*see generally Village of Hamburg v American Ref-Fuel Co. of Niagara*, 284 AD2d 85, 88, *lv denied* 97 NY2d 603).  Inasmuch as the City was already required to maintain the driveway portion of the sidewalk as part of "its continuing duty to maintain its public rights-of-way in a reasonably safe condition" (*Sniper v City of Syracuse*, 139 AD2d 93, 96), we conclude the only areas "subject to" the Prime Lease were those areas specifically leased to the Bison defendants in the Prime Lease and the subsequent subleases.

Entered:  January 2, 2015                                    Frances E. Cafarell
                                                             Clerk of the Court