# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**928**

**CA 16-00300**

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

JOAN STEIN, AS EXECUTRIX OF THE ESTATE OF
MEREDITH M. POWERS, DECEASED,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

SARKISIAN BROTHERS, INC., DEFENDANT-APPELLANT.

---

COOK, WETTER, CLOONAN, KURTZ & MURPHY, P.C., KINGSTON (ERIC M. KURTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

KALTER, KAPLAN, ZEIGER & FORMAN, WOODBOURNE (IVAN KALTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order and partial judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered May 19, 2015. The order and partial judgment, insofar as appealed from, denied the motion of defendant Sarkisian Brothers, Inc., seeking summary judgment dismissing the complaint.

It is hereby ORDERED that the order and partial judgment insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed in its entirety.

Memorandum: Plaintiff's decedent commenced this action seeking damages for injuries she sustained when her shoe caught on the bullnose tile used as a transition from a concrete floor in the hallway of an arena to the tile floor in a bathroom, which had an open entrance. It is undisputed that defendant directed subcontractors to install bullnose tile rather than a threshold as provided for in the contract. Contrary to defendant's contention, we conclude that Supreme Court properly determined that plaintiff raised an issue of fact whether it owed a duty of care to decedent because, "while engaged affirmatively in discharging a contractual obligation, [it] creat[ed] an unreasonable risk of harm to others, or increas[ed] that risk" (*Church v Callanan Indus.*, 99 NY2d 104, 111; *see Hannigan v Staples, Inc.*, 137 AD3d 1546, 1549; *see generally Espinal v Melville Snow Contrs., Inc.*, 98 NY2d 136, 141-142). We nevertheless conclude that the court erred in determining that plaintiff raised an issue of fact whether the alleged defect was trivial as a matter of law and thus erred in denying defendant's motion for summary judgment dismissing the complaint.

It is well established that we "must consider 'all the facts and

circumstances presented' . . . before concluding that no issue of fact exists" whether the alleged defect is trivial as a matter of law (*Hutchison v Sheridan Hill House Corp.*, 26 NY3d 66, 77).  Such issues of fact include the dimensions of the alleged defect, its appearance and elevation, and the time, place and circumstance of the injury (*see id.*).  Here, the record establishes that the bullnose tile was slightly less than one-half of an inch in height and was not the same color as the tile floor.  Decedent testified at her deposition that she was standing in the hallway conversing with a group of people, approximately three to four feet from the bathroom, before she turned to walk into the bathroom.  She testified that she glanced at the tile floor but did not see the "lip" that caught her shoe and caused her to stumble and be propelled several feet before she struck the towel dispenser.  In opposition to defendant's motion, plaintiff provided the expert affidavit of an architect who opined that "such a vertical edge constitutes a snare and a trap for those who might be distracted by the crowd moving in and out of the bathroom."  We conclude that the opinion of plaintiff's expert is not sufficient to raise an issue of fact whether the defect is trivial because it is speculative and conclusory on that issue (*see Ciccarelli v Cotira, Inc.*, 24 AD3d 1276, 1277), particularly because there is no indication in the record that anyone other than decedent was entering or leaving the bathroom.  Furthermore, "the test established by the case law in New York is not whether a defect is *capable* of catching a pedestrian's shoe.  Instead, the relevant questions are whether the defect was difficult for a pedestrian to see or to identify as a hazard or difficult to pass over safely on foot in light of the surrounding circumstances" (*Hutchinson*, 26 NY3d at 80).  Upon our review of the photos of the alleged defect and in view of the less than ½-inch height of the bullnose tile and the circumstances surrounding decedent's accident (*see Germain v Kohl's Corp.*, 96 AD3d 1474, 1475; *Sharpe v Ulrich Dev. Co., LLC*, 52 AD3d 1319, 1320), we conclude that, although an accident occurred that is "traceable to the defect, there is no liability" because the alleged defect " 'is so slight that no careful or prudent [person] would reasonably anticipate any danger from its existence' " under the circumstances present here (*Hutchinson*, 26 NY3d at 81).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court