■ Patricia M. Clauss, Respondent, v Bank of America, N.A., et al., Appellants, et al., Defendant. [57 NYS3d 273]—

Appeals from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 28, 2016. The order denied the motions of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motions of

defendants Bank of America, N.A., and Jones Lang LaSalle Americas, Inc., and dismissing the complaint against them, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against defendant Village of Williamsville (Village) and others to recover damages for injuries that she sustained when she allegedly tripped on an uneven stretch of public sidewalk. In addition to the Village, plaintiff asserted causes of action against the owner of the abutting property, defendant Bank of America, N.A. (Bank of America), as well as the manager of the abutting property, defendant Jones Lang LaSalle Americas, Inc. (Jones Lang).

Bank of America and Jones Lang contend that Supreme Court erred in denying their respective motions for summary judgment dismissing the complaint against them. We agree and therefore modify the order accordingly. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Capretto v City of Buffalo*, 124 AD3d 1304, 1306 [2015]). "That rule does not apply, however, if there is an ordinance or municipal charter that specifically imposes a duty on the abutting landowner to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability for injuries to the users of the sidewalk; the sidewalk was constructed in a special manner for the use of the abutting landowner; the abutting landowner affirmatively created the defect; or the abutting landowner negligently constructed or repaired the sidewalk" (*Schroeck v Gies*, 110 AD3d 1497, 1497 [2013]; *see Hausser*, 88 NY2d at 453).

We conclude that Bank of America and Jones Lang met their prima facie burden of establishing their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Although the Code of the Village of Williamsville (Code) imposes a duty on landowners to keep public sidewalks "in good order and repair" (Code § 89-3), it is undisputed that the Code does not "clearly subject landowners to . . . liability" for failing to comply with that duty (*Smalley v Bemben*, 12 NY3d 751, 752 [2009]; *see* § 89-3). It is also undisputed that the public sidewalk was not constructed in a special manner for the property owner's benefit, and that neither Bank of America nor Jones Lang negligently constructed or repaired the sidewalk or otherwise created the defect. Inasmuch as plaintiff concedes on this appeal

that none of the exceptions to the general rule apply in this case, we conclude that plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman*, 49 NY2d at 562).

The Village contends that the court erred in denying its motion for summary judgment dismissing the complaint against it inasmuch as the defect in the sidewalk is trivial as a matter of law. We reject that contention. "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Grefrath v DeFelice*, 144 AD3d 1652, 1653 [2016]). In determining whether a defect is trivial as a matter of law, a court "must consider 'all the facts and circumstances presented' " (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015]; *see Stein v Sarkisian Bros., Inc.*, 144 AD3d 1571, 1571-1572 [2016]). Such facts and circumstances may include the alleged defect's dimensions, appearance, or elevation, and the time, place, and circumstances of the plaintiff's injury (*see Hutchinson*, 26 NY3d at 77; *Stein*, 144 AD3d at 1572).

We conclude that the Village failed to "make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses" (*Hutchinson*, 26 NY3d at 79). In support of its motion, the Village submitted the affidavit of an employee who averred that he took photographs depicting the defect in the sidewalk, and that the photographs "most clearly show that the height of the alleged defect is one-half inch or less." The Village, however, did not offer a precise measurement and attached only black-and-white photographs of the defect. Moreover, the Village submitted excerpts of the deposition transcripts of two employees of Jones Lang, who reviewed plaintiff's color photographs of the defect and testified that such a defect "should be repaired" because it "could be a tripping hazard." We therefore conclude that the court properly denied the Village's motion for summary judgment regardless of the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Whalen, P.J., Carni, NeMoyer, Curran and Troutman, JJ.