Pizzoli v New Hartford Cent. Sch. Dist. (2020 NY Slip Op 04685)





Pizzoli v New Hartford Cent. Sch. Dist.


2020 NY Slip Op 04685


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


468 CA 19-02060

[*1]AMY PIZZOLI, PLAINTIFF-RESPONDENT,
v
NEW HARTFORD CENTRAL SCHOOL DISTRICT AND BOARD OF EDUCATION OF NEW HARTFORD CENTRAL SCHOOL DISTRICT, DEFENDANTS-APPELLANTS. 






THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LAW OFFICES OF MARC JONAS, ESQ., UTICA (MARC JONAS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered July 30, 2019. The order, among other things, denied defendants' cross motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she tripped and fell over an extension plate that was covered by a mat inside defendants' building. Defendants appeal from an order that, inter alia, denied their cross motion for summary judgment dismissing the complaint. We affirm.
Even assuming, arguendo, that Supreme Court erred in taking an adverse inference against defendants in connection with their cross motion as a spoliation sanction, we nevertheless conclude that the court properly denied the cross motion inasmuch as defendants failed to meet their initial burden of establishing that the alleged defect was trivial as a matter of law and thus nonactionable (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 82-83 [2015]). Defendants did not submit any measurements of the alleged defect and, contrary to their contention, the visual estimate of defendants' maintenance supervisor and the photographs submitted in support of the cross motion are insufficient to establish that the alleged defect was trivial as a matter of law (see id.; Clauss v Bank of Am., N.A., 151 AD3d 1629, 1631 [4th Dept 2017]; Padarat v New York City Tr. Auth., 137 AD3d 1095, 1096-1097 [2d Dept 2016]). Defendants' related contention that they are entitled to summary judgment dismissing the complaint because the alleged defect was open and obvious is without merit (see Jaques v Brez Props., LLC, 162 AD3d 1665, 1666-1667 [4th Dept 2018]). Defendants' remaining contention does not require modification or reversal of the order.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court