Franklin v Learn (2021 NY Slip Op 04866)





Franklin v Learn


2021 NY Slip Op 04866


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


605 CA 20-01589

[*1]GARY FRANKLIN, PLAINTIFF-APPELLANT,
v
ERIC A. LEARN AND VILLAGE OF FRANKLINVILLE, DEFENDANTS-RESPONDENTS. 






MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HAGELIN SPENCER LLC, BUFFALO (RICHARD J. PORTER OF COUNSEL), FOR DEFENDANT-RESPONDENT ERIC A. LEARN. 
BOUVIER LAW LLP, BUFFALO (PAUL F. HAMMOND OF COUNSEL), FOR DEFENDANT-RESPONDENT VILLAGE OF FRANKLINVILLE. 


 Appeal from an order of the Supreme Court, Cattaraugus County (Terrence M. Parker, A.J.), entered July 27, 2020. The order granted the motion of defendant Eric A. Learn and the cross motion of defendant Village of Franklinville seeking summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he tripped and fell on an uneven sidewalk abutting the property of Eric A. Learn (defendant), located in defendant Village of Franklinville (Village). Plaintiff now appeals from an order that granted the motion of defendant and the cross motion of the Village for summary judgment dismissing the complaint. We affirm.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not on the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; see Clauss v Bank of Am., N.A., 151 AD3d 1629, 1630 [4th Dept 2017]; Capretto v City of Buffalo, 124 AD3d 1304, 1306 [4th Dept 2015]). " 'That rule does not apply, however, if there is an ordinance or municipal charter that specifically imposes a duty on the abutting landowner to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability for injuries to the users of the sidewalk; the sidewalk was constructed in a special manner for the use of the abutting landowner; the abutting landowner affirmatively created the defect; or the abutting landowner negligently constructed or repaired the sidewalk' " (Clauss, 151 AD3d at 1630; see Hausser, 88 NY2d at 453; Schroeck v Gies, 110 AD3d 1497, 1497 [4th Dept 2013]).
Contrary to plaintiff's contention, defendant met his initial burden on the motion of establishing his entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although section 93.035 of the Village of Franklinville Code of Ordinances (Village Code) imposes a duty on the owners of premises to "keep sidewalks, on or running along the street row adjoining [their] property, in reasonably good and safe repair," it is undisputed that, at that time of the incident, the Village Code did not "clearly subject landowners to . . . liability" for failing to comply with that duty (Smalley v Bemben, 12 NY3d 751, 752 [2009]; see Clauss, 151 AD3d at 1630). Furthermore, the sidewalk was not [*2]constructed in a special manner for defendant's use (see Schroeck, 110 AD3d at 1498), and the deposition testimony submitted by defendant in support of his motion established that he did not affirmatively create the defect or negligently construct or repair the sidewalk (see Clauss, 151 AD3d at 1630; Schroeck, 110 AD3d at 1498). In opposition, plaintiff failed to raise an issue of fact (see Zuckerman, 49 NY2d at 562).
We also reject plaintiff's contention that Supreme Court erred in granting the Village's cross motion. The Village met its initial burden on its cross motion by establishing as a matter of law that it did not have prior written notice of the allegedly defective condition of the sidewalk, as required by Village Law § 6-628 (see generally Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Lastowski v V.S. Virkler & Son, Inc., 64 AD3d 1159, 1160-1161 [4th Dept 2009]). Where, as here, "a municipality moves for summary judgment on its defense asserting the lack of written notice as a condition precedent to suit, the municipality sufficiently establishes that statutorily created defense by demonstrating, in the absence of any further requirement under the applicable prior notification law, that it did not receive prior written notice in the manner prescribed by the law" (Horst v City of Syracuse, 191 AD3d 1297, 1298 [4th Dept 2021]).
The burden thus shifted to plaintiff to raise a triable issue of fact whether either of the two exceptions to the written notice requirement applied, i.e., that the Village "affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough, 10 NY3d at 728; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]), and plaintiff failed to meet that burden (see generally Zuckerman, 49 NY2d at 562).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court