Haas v Town of Cheektowaga (2023 NY Slip Op 03109)

Haas v Town of Cheektowaga

2023 NY Slip Op 03109

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

193 CA 22-00657

[*1]MARY HAAS AND JAMES HAAS, PLAINTIFFS-APPELLANTS,
v
TOWN OF CHEEKTOWAGA, DEFENDANT-RESPONDENT. 

CANTOR, WOLFF, NICASTRO & HALL LLC, BUFFALO (DAVID J. WOLFF, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
JOSEPH G. MAKOWSKI, LLC, BUFFALO (JOSEPH G. MAKOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered March 25, 2022. The order granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Mary Haas (plaintiff) allegedly sustained when she tripped and fell on a street owned and maintained by defendant. Plaintiffs appeal from an order granting the motion of defendant seeking summary judgment dismissing the complaint on the ground of lack of prior written notice. We affirm.
Defendant met its initial burden on the motion by establishing the location of the accident and that it lacked prior written notice of a defect at that location as prescribed by the Code of the Town of Cheektowaga § 168-2, and plaintiffs thus had the burden to demonstrate, as relevant here, that defendant "affirmatively created the defect through an act of negligence . . . 'that immediately result[ed] in the existence of a dangerous condition' " (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Franklin v Learn, 197 AD3d 982, 983 [4th Dept 2021], lv denied 37 NY3d 918 [2022]). Plaintiffs submitted an affidavit from an expert, who opined that defendant defectively paved portions of the street approximately one year prior to the accident, based on photographs taken by plaintiff's son that depicted a portion of the street with "water risers" in the pavement. The expert's affidavit did not raise a question of fact with respect to whether defendant created the defective condition that caused the accident, however, because defendant's moving papers included evidence establishing that the area where plaintiff allegedly fell did not contain the water risers (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court