Piotrowski v Town of Cheektowaga (2024 NY Slip Op 05707)

Piotrowski v Town of Cheektowaga

2024 NY Slip Op 05707

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

731 CA 23-01807

[*1]PAUL S. PIOTROWSKI, PLAINTIFF-RESPONDENT,
v
TOWN OF CHEEKTOWAGA, ANNE M. CARLUCCI AND KENNETH A. CARLUCCI, III, DEFENDANTS-APPELLANTS. 

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANT-APPELLANT TOWN OF CHEEKTOWAGA. 
RUPP PFALZGRAF LLC, BUFFALO (JILL R. ROLOFF OF COUNSEL), FOR DEFENDANTS-APPELLANTS ANNE M. CARLUCCI AND KENNETH A. CARLUCCI, III.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (KRISTIN A. TISCI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered October 13, 2023. The order denied the motion of defendant Town of Cheektowaga and the cross-motion of defendants Anne M. Carlucci and Kenneth A. Carlucci, III for summary judgment dismissing the amended complaint and cross-claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross-motion of defendants Anne M. Carlucci and Kenneth A. Carlucci, III, and dismissing the amended complaint and cross-claims against them, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his foot got caught on a sidewalk curb ramp located in defendant Town of Cheektowaga (Town) and he fell. Plaintiff alleged that the tactile surface on the curb ramp was broken and in an unsafe and dangerous condition. The Town moved for summary judgment dismissing the amended complaint and cross-claims against it, and defendants Anne M. Carlucci and Kenneth A. Carlucci, III, the owners of the abutting property, cross-moved for summary judgment dismissing the amended complaint and cross-claims against them. Supreme Court denied the motion and cross-motion, and both the Carluccis and the Town appeal.
Addressing first the Carluccis' appeal, we agree with the Carluccis that the court erred in denying their cross-motion. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; see Clauss v Bank of Am., N.A., 151 AD3d 1629, 1630 [4th Dept 2017]; Capretto v City of Buffalo, 124 AD3d 1304, 1306 [4th Dept 2015]). " 'That rule does not apply, however, if there is an ordinance or municipal charter that specifically imposes a duty on the abutting landowner to maintain and repair the public sidewalk and provides that a breach of that duty will result in liability for injuries to the users of the sidewalk; the sidewalk was constructed in a special manner for the use of the abutting landowner; the abutting landowner affirmatively created the defect; or the abutting landowner negligently constructed or repaired the sidewalk' " (Clauss, 151 AD3d at 1630; see Hausser, 88 NY2d at 453).
Here, the Carluccis' submissions, including plaintiff's deposition testimony, which is relied upon by all the parties, established that plaintiff fell due to a defect on the curb ramp (see generally Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744-745 [1986]; Lane v Texas Roadhouse Holdings, LLC, 96 AD3d 1364, 1364-1365 [4th Dept 2012]). In addition, it is [*2]undisputed that, as the Carluccis' submissions also established, the curb ramp was not constructed in a special manner for the Carluccis' use, and the Carluccis did not affirmatively create the defect or negligently construct or repair the curb ramp. Furthermore, the Carluccis' submissions established that the relevant section of the Code of the Town of Cheektowaga (Town Code) concerning maintenance of sidewalks by property owners is inapplicable to the facts of this case. Town Code § 210-14 provides, in pertinent part, that "[t]he owner or occupant of any premises adjoining any street where a sidewalk has been laid shall maintain and keep the sidewalk on such street in good repair . . . The owner and the occupant shall be jointly and severally responsible for compliance with the provisions hereof. Said responsibility shall include liability for injuries that result from failure to maintain, repair and keep said sidewalk in a safe condition for usage." It is well settled that "legislative enactments in derogation of common law, and especially those creating liability where none previously existed, must be strictly construed" (Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008] [internal quotation marks omitted]) and, here, Town Code § 210-14 does not impose civil liability on property owners for injuries that occur due to a defective tactile surface on a curb ramp (see generally Vucetovic, 10 NY3d at 521; Gary v 101 Owners Corp., 89 AD3d 627, 627 [1st Dept 2011]). There is no definition of "sidewalk" in the Town Code and no mention of tactiles or curb ramps. If the Town "desired to shift liability for accidents involving [tactiles on curb ramps] exclusively to abutting landowners in derogation of the common law, it needed to use specific and clear language to accomplish [that] goal" (Vucetovic, 10 NY3d at 522).
In light of the foregoing, we conclude that the Carluccis met their initial burden on their cross-motion of demonstrating their entitlement to summary judgment dismissing the amended complaint and cross-claims against them, and we further conclude that plaintiff and the Town failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly.
With respect to the Town's appeal, we reject the Town's contention that the court erred in denying its motion. "Where, as here, a municipality has enacted a prior written notice statute, it may not be subject to liability for personal injuries caused by a defective [sidewalk] . . . condition unless it has received prior written notice of the defect, or an exception to the written notice requirement applies" (Szuba v City of Buffalo, 193 AD3d 1386, 1387 [4th Dept 2021] [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474 [1999]; Horst v City of Buffalo, 191 AD3d 1297, 1297-1298 [4th Dept 2021]). Here, the Town's submissions, including plaintiff's deposition testimony, established that plaintiff fell on the curb ramp in question, which "functionally fulfills the same purpose that a standard sidewalk would serve," and thus constitutes a sidewalk for purposes of the prior written notice provision in Town Code § 168-2 (Woodson v City of New York, 93 NY2d 936, 938 [1999]; see Hinton v Village of Pulaski, 33 NY3d 931, 932-933 [2019]; see also Donnelly v Village of Perry, 88 AD2d 764, 765 [4th Dept 1982]). Consequently, The Town had the initial burden on its motion of establishing that no prior written notice of the alleged condition was given to either "the Town Clerk or [the] Town Superintendent of Highways" (Town Code § 168-2 [A]). The Town submitted the affidavit of its Town Clerk, who averred that she searched the records in the Town Clerk's office and found no notice of a defect in the area of plaintiff's fall prior to the accident. The Town, however, did not submit evidence to establish that no prior written notice was given to the Town Superintendent of Highways (see Weinstein v County of Nassau, 180 AD3d 730, 732 [2d Dept 2020]). The Town's reliance on the deposition testimony of its Superintendent of Highways is misplaced. In response to a question regarding residential complaints of damage caused by snowplows, he testified that "[w]e did not know until [he] received [a] letter" from plaintiff after the incident about the damage to the sidewalk ramp at issue. Inasmuch as he did not testify that he ever searched the Town Highway Department's records for prior written notice, we conclude that the Town failed to establish as a matter of law that the Town Superintendent of Highways did not receive prior written notice of the alleged defect (see Garcia v Town of Tonawanda, 210 AD3d 1483, 1484 [4th Dept 2022]). Because the Town failed to meet its initial burden on its motion, we need not consider the sufficiency of plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court