Ashker v City of Niagara Falls (2024 NY Slip Op 06436)

Ashker v City of Niagara Falls

2024 NY Slip Op 06436

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

651 CA 23-02021

[*1]RICHARD ASHKER, PLAINTIFF-APPELLANT,
v
CITY OF NIAGARA FALLS, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 

LEWIS & LEWIS, P.C., BUFFALO (ADAM DELLEBOVI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WALSH, ROBERTS & GRACE LLP, BUFFALO (MARK P. DELLA POSTA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Niagara County (Paula L. Feroleto, J.), entered May 24, 2023. The order granted the motion of defendant City of Niagara Falls for summary judgment and dismissed the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he tripped and fell on a sidewalk slab in defendant City of Niagara Falls (City) that had been raised by the roots of a nearby tree. After discovery, the City moved for summary judgment dismissing the complaint against it based on the contention that it had not received prior written notice of the alleged sidewalk defect. Supreme Court granted the motion, and plaintiff now appeals. We affirm.
It is well established that prior notification laws are a valid exercise of legislative authority (see Amabile v City of Buffalo, 93 NY2d 471, 473 [1999]). In the event of an action against a municipality that requires such prior written notice, "[the] locality may avoid liability for injuries sustained as a result of defects or hazardous conditions on its sidewalks if it has not been notified in writing of the existence of the defect or hazard at a specific location" (id. at 474). "[U]nless the injured party can demonstrate that a municipality failed or neglected to remedy a defect within a reasonable time after receipt of written notice, a municipality is excused from liability absent proof of prior written notice or an exception thereto" (Hart v City of Buffalo, 218 AD3d 1140, 1148 [4th Dept 2023]).
The City has enacted such a provision (see Niagara Falls City Charter § 5.14). To establish entitlement to summary judgment, the City's initial burden is to establish that it lacked prior written notice of the alleged defect (see Franklin v Learn, 197 AD3d 982, 983 [4th Dept 2021]). "If the municipality establishes its prima facie entitlement to summary judgment based on the lack of prior written notice, the burden shifts to the plaintiff to come forward with evidentiary proof in admissible form demonstrating the existence of material issues of fact which require a trial of the action" (Horst v City of Syracuse, 191 AD3d 1297, 1298-1299 [4th Dept 2019] [internal quotation marks omitted]; see Franklin, 197 AD3d at 983). Here, the City established that it did not receive prior written notice of the defect in question by submitting the deposition testimony and affidavit of the Director of the Department of Public Works for the City, who reviewed the City's logbooks and index cards containing written complaints and did not find any prior written notice of the alleged defect. The burden thus shifted to plaintiff, who did not submit any evidence to raise a triable issue of fact in opposition.
We reject plaintiff's contention that the City had to provide proof that the "Director of [*2]Operations and Technical Services" did not receive prior written notice of the alleged defect, in strict compliance with City Charter former § 5.14. In 1990, the Niagara City Council amended the City Charter to change the names of the Department and Director of Operations and Technical Services to the Department and Director of Public Works. Contrary to plaintiff's contention, the amendment to the City Charter did not dissolve the Department of Operations and Technical Services and create a new Department of Public Works, but rather it simply effected name changes. Indeed, as amended, the City Charter expressly stated that "[w]henever in this Charter . . . there is reference to the Department of Operations and Technical Services or Director of Operations and Technical Services said reference shall be deemed a reference to the Department of Public Works or Director of Public Works" (Niagara Falls City Charter § 6.5). We conclude that proof of a lack of prior written notice received by the Director of Public Works is sufficient to establish the City's prima facie entitlement to summary judgment (see Niagara Falls City Charter §§ 5.14, 6.5). We likewise reject plaintiff's contention that the City had the initial burden to establish lack of prior written notice going back to at least October 2011, when there is documented proof that the condition existed (see Grady v Town of Hempstead, 223 AD3d 885, 886 [2d Dept 2024]; Sanchez v County of Nassau, 222 AD3d 685, 687 [2d Dept 2023]; Hued v City of New York, 170 AD3d 571, 571 [1st Dept 2019]; Pallotta v City of New York, 121 AD3d 656, 657 [2d Dept 2014]).
Finally, we do not consider plaintiff's alternative contention, raised for the first time on appeal, that Second Class Cities Law § 244 is controlling (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court